UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

                            :

UNITED STATES OF AMERICA

                        :     CONSENT PRELIMINARY ORDER

        - v. -                 OF FORFEITURE/

                        :     MONEY JUDGMENT

BENJAMIN TAYLOR,

                        :     S7 18 Cr. 184 (DLC)

        Defendant.

                        :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

WHEREAS, on or about June 13, 2018, Benjamin Taylor (the "Defendant"), was charged in a superseding Indictment, S7 18 Cr. 184 (DLC) (the "Indictment"), with conspiracy to defraud the United States, in violation of Title 18, United States Code, Section 371 (Count One); conspiracy to commit wire fraud and securities fraud, in violation of Title 18, United States Code, Section 1349 (Count Two); securities fraud, in violation of Title 15, United States Code, Section 78j(b) and 78ff (Counts Three through Eighteen); fraud in connection with a tender offer, in violation of Title 15, United States Code, Section 78n(e) and 78ff (Counts Nineteen through Twenty-Three); wire fraud, in violation of Title 18, United States Code, Section 1343 (Counts Twenty-Four through Thirty-Nine); and securities fraud, in violation of Title 18, United States Code, Section 1348 (Count Forty);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One through Forty of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One through Forty of the Indictment that the Defendant personally obtained;

WHEREAS, on or about June 11, 2026 the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), a sum of money equal to $1,200,000 in United States currency, and agreed not to contest that the United States could demonstrate that the amount of $1.2 million represents proceeds traceable to the commission of the offense charged in Count One of the Indictment;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $1,200,000 in United States currency;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence;

WHEREAS, the Defendant agrees to make a payment to the United States in the amount of $510,000 in United States currency within one year of his sentencing date (the "Payment"); and

WHEREAS, the Government agrees to credit towards the Payment any disgorgement payments made by the Defendant to the Securities Exchange Commission ("SEC") in the matter *Securities and Exchange Commission v. Benjamin Taylor*, et al., No. 19 Civ. 9744 (the "SEC Action");

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorney Andrew Thomas, of counsel, and the Defendant and his counsel, Celeste Koeleveld, Esq., Daniel Silver, Esq., and Argjenta Kaba, Esq., that:

1.     As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $1,200,000 in United States currency (the "Money Judgment") shall be entered against the Defendant and the defendant does not contest that the sum represents proceeds traceable to the commission of the offense charged in Count One of the Indictment.

2.     The Defendant shall make the Payment within one year of the Defendant's sentencing date.

3.     Any disgorgement payments made by the Defendant with respect to the SEC Action shall be credited towards the Defendant's Payment obligation.

4.     Upon receipt of the Payment, the Government shall deem the Money Judgment to be fully satisfied.

5.     The Government agrees not to take any action, pursuant to Title 18, United States Code, Section 853(p), seeking the forfeiture of substitute assets of the Defendant during the one year following the Defendant's sentencing. If the Defendant fails to make the Payment, the entire Money Judgment shall be due and, pursuant to Title 18, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6.     All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

7.    The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

8.    Pursuant to 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, shall be deemed part of the sentence of the Defendant, and will be included in the judgment of conviction therewith.

9.    The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

10.    The signature page of this Consent Preliminary Order of Forfeiture as to Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: _____            6/11/2026
       ANDREW THOMAS                             DATE
       Assistant United States Attorney
       26 Federal Plaza
       New York, NY 10278

BENJAMIN TAYLOR

By: _____            6/11/26
       BENJAMIN TAYLOR                           DATE

By: _____            6/11/26
       CELESTE KOELEVELD, ESQ.                   DATE
       DANIEL SILVER, ESQ.
       ARGJENTA KABA, ESQ.
       Attorneys for Defendant

SO ORDERED:

_____                June 11, 2026
HONORABLE DENISE L. COTE                         DATE
UNITED STATES DISTRICT JUDGE